IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| **TELLY SAVALAS BRISTOL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22CV00603 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DAVID ANDERSON, ET AL.,** | ) | Judge James P. Jones |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Telly Savalas Bristol, Pro Se Plaintiff.*

The plaintiff, Telly Savalas Bristol, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. In his Complaint, he alleges that prison officials have violated his constitutional rights by failing to provide him with adequate mental health care. Bristol has filed a separate motion asking for leave to amend to seek interlocutory injunctive relief in the form of a court order regarding his mental health care. After review of the record, I conclude that the motion must be denied as moot, because Bristol has been transferred.

When Bristol filed this civil action, he was confined at River North Correctional Center (River North). The Complaint alleges that several River North staff members have denied him mental health services and failed to respond to his

concerns that medication changes have caused his mental health to deteriorate. He seeks injunctive and monetary relief.

A party seeking preliminary injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. *Id.*

Bristol's present motion seeking to amend to add claims for interlocutory relief, ECF No. 7, must be denied. On December 14, 2022, the court received notice from Bristol that he had been transferred to Pocahontas State Correctional Center (Pocahontas). Therefore, Bristol is no longer under the mental health care supervision or custody of the defendants in this lawsuit, who work at River North. As a result, his proposed claims seeking court-ordered, interlocutory injunctive relief against them related to his mental health care are moot and must be denied as such. *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive . . . relief with respect to his incarceration there."). In addition, Bristol has not shown that he faces any imminent, irreparable harm related to his mental health care at Pocahontas. *Winter*, 555 U.S. at 20.

For the stated reasons, it is **ORDERED** that Bristol's motion, seeking to amend his Complaint to raise claims for interlocutory injunctive relief against the defendants to this lawsuit, ECF No. 7, is DENIED, because such claims are moot because of his transfer.

    ENTER: January 6, 2023

    /s/  JAMES P. JONES
    Senior United States District Judge